MICHAEL P. MANGAN (MM-5773)
MANGAN GINSBERG LLP
80 Maiden Lane, Suite 509
New York, New York 10038
Phone (212) 248-2170
Fax: (212) 248-2155
*Attorneys for Risdon Moreau and Patrick Grandoit*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RISDON MOREAU, and PATRICK GRANDOIT<br><br>Plaintiffs,<br><br>- against –<br><br>THE CITY OF NEW YORK, P.O. TIFFANY RILEY, C.O. MAURICE LACEY, JR., JOHN DOE Officers A–F, the name "DOE" being fictitious and intended to represent those police officers involved in the arrest, malicious prosecution of the plaintiffs, and JOHN ROE Officers 1–5, the name "ROE" being fictitious and intended to represent those correction officers involved in the use of excessive force against Risdon Moreau,<br><br>Defendants. | 14 CV 0062 (RRM)(RLM)<br><br>FIRST AMENDED COMPLAINT<br><br><u>JURY DEMAND</u> |

Plaintiffs, by their attorneys, Mangan Ginsberg, LLP, for their Complaint against the Defendants, allege, at all times material herein that:

<u>NATURE OF THE ACTION</u>

1) This is a civil rights action for false arrest and malicious prosecution of Plaintiffs Risdon Moreau and Patrick Grandoit. The Plaintiffs were arrested on June 7, 2012 and falsely charged with burglary and other offenses when leaving, while leaving Risdon Moreau's apartment that he shared with his girlfriend. Patrick Grandoit spent only two days in jail, but Risdon Moreau was detained at Rikers Island until about September 19, 2012. While in jail, Department of Correction officers struck Risdon Moreau in the face to punish him

and for no lawful reason. On January 18, 2013, all charges against both Plaintiffs were dismissed. The police never had probable cause to arrest and charge either Plaintiff.

## VENUE AND JURISDICTION

2) This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and pursuant to New York State tort law and the New York State Constitution.

3) Jurisdiction is founded on the existence of a Federal question, and a question arising under an Act of Congress, U.S.C. Title 42, § 1983, as hereinafter more fully appears.

4) Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## PARTIES

5) Plaintiff RISDON MOREAU is a resident of the State of New York, County of Queens.

6) Plaintiff PATRICK GRANDOIT is a resident of the State of New York, County of Queens.

7) Defendant CITY OF NEW YORK (hereinafter referred to as City) is, and was at all times material herein, a municipal corporation formed pursuant to the laws of the State of New York and was the employer of the Defendant agents and officers.

8) Defendant P.O. TIFFANY RILEY, is upon information and belief, a employed by the City of New York, New York Police Department as a Police Officer, assigned to the 113 Precinct, and was at all relevant times such an employee who was the arresting officer, and participated in the false arrest and detention of the plaintiffs, and who acted under color of law, and in her official and individual capacities.

9) Defendant C.O. MAURICE LACEY JR, is upon information and belief, a Correction Officer employed by the City of New York through the Department of Corrections, and was assigned to the Rikers Island facility and command, and was at all relevant times such an employee, who was the correction officer who assaulted plaintiff Risdon Moreau in the face with his fist without justification, and who acted under color of law, and in his official and individual capacities.

10) Defendants "John Does" are, upon information and belief, New York City Police Department Officers and Detectives, who were involved in the Plaintiffs' arrests on June 7, 2012 and their malicious prosecution until January 18, 2013.

11) Defendants "John Roes" are, upon information and belief, New York City Department of Correction officers who were involved in Risdon Moreau's August 2013 assault and battery at Rikers Island Correctional Facility.

12) All Defendants were acting under the color of law at all times alleged herein.

13) The City at all times material herein was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, detectives, agents and/or employees of the New York City Police Department and correction officers, administrators, agents and/or employees of the New York City Department of Correction.

## FACTS

14) On June 7, 2012, at or about 9:00 P.M., Risdon Moreau and Patrick Grandoit drove to Risdon Moreau's apartment, located at 177-20 130th Avenue, Queens, New York 11434, which he shared with his girlfriend-at-the-time Darlene Harris.

15) Darlene Harris and Risdon Moreau shared one key to the apartment, and Darlene Harris had it.

16) Risdon Moreau called Darlene Harris on the phone to see if she would be home to let him in. She said that she was out and that he would have to reach through the outer window to unlock the door.

17) Risdon Moreau entered the apartment through the kitchen window and opened the front door for Patrick Grandoit so that he could use the bathroom.

18) During that time, Darlene Harris was inside the apartment and called the police to report false crimes against Risdon Moreau. She did not know that Patrick Grandoit was with Risdon Moreau.

19) After using the bathroom, Patrick Grandoit left the apartment to find several N.Y.P.D. police officers waiting outside the apartment building. Without any explanation, the police officers threw Patrick Grandoit to the ground, handcuffed him and arrested him. Moments later, Risdon Moreau was also arrested without explanation.

20) During the incident in the presence of Risdon Moreau, Patrick Grandoit and the arresting officers, Darlene Harris admitted that Patrick Grandoit had committed no crime by being present inside the house, that she knew him and that he had a license to be in the apartment.

21) Risdon Moreau stated to the police officers that he lived there and that his clothes were inside the apartment.

22) Regardless of Darlene Harris' admission, the police officers took Risdon Moreau and Patrick Grandoit into the custody and brought them to the precinct.

23) During the interview, Risdon Moreau showed police text messages with Darlene Harris preceding the entry into the apartment and other documents establishing that he lived at the apartment.

24) Risdon Moreau and Patrick Grandoit were arraigned in Queens County Criminal Court where they were charged with: (1) Burglary in the First Degree [NYPL § 140.30-3]; (2) Menacing in the Second Degree [NYPL § 120.14-1]; (3) Criminal Trespass in the Second Degree [140.15-1]; (4) Criminal Mischief in the Fourth Degree [NYPL § 145.00-1]; *and* (5) Criminal Possession of a Weapon in the Fourth Degree [NYPL § 265.01-2].

25) Bail was set for Risdon Moreau at $5,000.00 and he was transferred to Rikers Island Correctional Facility. Patrick Grandoit was released on his own recognizance.

26) On or about August 3, 2012, while incarcerated, Risdon Moreau was beaten by Defendants John Roes 1–5, without justification, requiring a visit to the Queens Hospital Center Emergency Department. Risdon Moreau suffered a fractured tooth wound due to trauma. He was prescribed anti-infection and pain medication.

27) Risdon Moreau filed grievances regarding the August incident.

28) Risdon Moreau remained at Rikers Island until about September 19, 2012, when the prosecution failed to present a case to the grand jury.

29) Risdon Moreau and Patrick Grandoit attended numerous court appearances to defend themselves against the falsely-asserted and frivolous criminal charges.

30) On January 18, 2013, all charges against Risdon Moreau and Patrick Grandoit were dismissed and the charges were subsequently sealed.

## AS AND FOR A FIRST CAUSE OF ACTION

### FALSE ARREST UNDER THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

31) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

32) Plaintiffs were falsely and unlawfully arrested, imprisoned, detained, searched and deprived of liberty against their will.

33) Defendant police officers violated the protections guaranteed these Plaintiffs as citizens of the United States by arresting, detaining, imprisoning and kidnapping them without probable cause.

34) Defendant police officers committed these false and unlawful arrests, imprisonments, detentions, searches and deprivations of liberty while knowing that they did not have probable cause, knowing that these acts were unlawful and knowing that these acts were without justification and defendants engaged in these acts to intentionally violate the Plaintiffs' rights, privileges and immunities secured by the United States Constitution, or engaged in these acts with reckless disregard to the Plaintiffs' rights, privileges and immunities secured by the United States Constitution.

35) All Defendants acted under color of law.

36) Defendant police officers apprehended Plaintiffs based upon improper reasons.

37) The City of New York violated protections guaranteed to Plaintiffs as citizens of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process.

38) The City of New York violated protections guaranteed to Plaintiffs as citizens of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who arrested, detained, imprisoned, humiliated and physically injured the Plaintiffs.

39) Defendant Police Officers and the City of New York are liable for said damages and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

## AS AND FOR A SECOND CAUSE OF ACTION

### MALICIOUS PROSECUTION UNDER THE FOURTH AMENDMENT
### OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

40) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

41) Defendant police officers brought criminal charges against Risdon Moreau and Patrick Grandoit without probable cause. These charges were dismissed, resulting in favorable terminations of the charges.

42) Defendant police officers commenced the criminal action against Plaintiffs without probable cause and without legal or factual justification. The criminal case was, upon information and belief, abandoned due to a lack of evidence to support the action, and based on false allegations by a third-party complainant invented solely for the purpose of punishing the Plaintiffs. Defendants became aware that the third-party complainant's allegations were false within a short period of time, yet continued to prosecute the action.

43) Defendant police officers effected this malicious prosecution for a purpose other than that stated in the complaints and supporting affidavits. Defendants knew that the criminal action was frivolous and without basis, but commenced and continued the action with malice and for a purpose that intentionally violated the Plaintiffs' rights, privileges and immunities secured by the United States Constitution, or engaged in these acts with reckless disregard to the Plaintiffs' rights, privileges and immunities secured by the United States Constitution.

44) All Defendants acted under color of law.

45) The City of New York violated protections guaranteed to Plaintiffs as citizens of the United States by failing to train, failing to supervise, failing to discipline and negligently

7

hiring the police officers who commenced false charges against Risdon Moreau and Patrick Grandoit.

46) Defendant police officers and the City of New York are liable for said damages and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

AS AND FOR A THIRD CAUSE OF ACTION

CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AND FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES AND 42 U.S.C. § 1983

47) Plaintiff Risdon Moreau realleges the facts stated in all paragraphs above as if stated fully herein.

48) Defendants Maurice Lacey Jr., and JOHN DOES A–F, officers of Rikers Island Correctional Facility, intentionally struck Risdon Moreau in the face, causing him to suffer a fractured tooth.

49) Defendant correction officers' acts were in excess of appropriate force and denied Risdon Moreau basic rights, immunities, and privileges as a citizen of the United States. The excessive force used by Defendants was repugnant to the conscience of any reasonable person.

50) With the intent to cause injury to Risdon Moreau's mind, emotions and body, Maurice Lacey Jr. maliciously assaulted him.

51) Defendant Maurice Lacey's contact with Risdon Moreau was unnecessary and performed for the wanton infliction of pain with deliberate indifference to Risdon Moreau's health or safety.

52) The City of New York violated protections guaranteed to Risdon Moreau as a citizen of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process.

53) The City of New York violated protections guaranteed to Risdon Moreau as a citizen of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring Department of Correction officers who conducted these acts of violence, assault, battery and excessive force.

54) Maurice Lacey, defendant Correction Officers and the City of New York are liable for said damages and injuries pursuant to the Eighth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

## AS AND FOR A FOURTH CAUSE OF ACTION

### NEGLIGENT HIRING, SUPERVISION, TRAINING AND FAILURE TO DISCIPLINE UNDER NEW YORK STATE LAW PURSUANT TO 28 U.S.C. § 1367

55) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

56) The City has known of the likelihood that its police officers make arrests based on racial profiling or by other error, has known of its police officers' propensity to charge and prosecute citizens on baseless charges, but has failed to protect citizens from these unlawful acts by failing to properly and sufficiently train, discipline, supervise and negligently hire its police officers.

57) As a result, Risdon Moreau and Patrick Grandoit were falsely arrested, and maliciously prosecuted.

58) Plaintiffs were injured due to the failure of the City of New York, through the N.Y.P.D., to properly hire, screen, train, supervise and discipline its officers, including Tiffany Riley and the other defendant John Doe police officers.

9

59) The City has known of the likelihood that its correction officers deprive pre-trial detainees and inmates of their rights to be free of cruel and unusual punishment and be afforded due process as citizens of the United States through the use of excessive force, but has failed to protect citizens from these unlawful acts by failing to properly and sufficiently train, discipline, supervise and negligently hire its correction officers.

60) As a result, Risdon Moreau was injured due to the failure of the City of New York, through the Department of Corrections, to properly hire, screen, train, supervise and discipline its officers, including the Defendant John Roe correction officers.

61) The City of New York is liable to Risdon Moreau and Patrick Grandoit for their injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining, pursuant to Tort law of the State of New York.

AS AND FOR A FIFTH CAUSE OF ACTION

MONELL CLAIMS AGAINST THE CITY FOR
FAILING TO TRAIN AND SUPERVISE POLICE AND CORRECTION OFFICERS

62) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

63) The City of New York, through the New York City Police Department, maintains a policy that its police officers should circumvent the rights, privileges and immunities conferred upon its citizens by the United States Constitution, and specifically, the Fourth Amendment, by encouraging police officers to make unlawful arrests without probable cause, and to file and maintain false charges against its citizenry.

64) The City has known of the likelihood that its police officers make arrests based on racial profiling or by other error, has known of their propensity towards arresting on baseless charges and continuing to prosecute such charges even in the face of lacking probable

cause, but has failed to protect citizens from these unlawful acts by failing to properly and sufficiently train, discipline, supervise and negligently hire its police officers.

65) Not only does the City know that its police officers make these false arrests, and maintain false charges, but it encourages its police officers to do so as a "cost of doing business" by living in certain areas of New York City. Unfortunately, most of these areas are poor areas, where the citizens do not have mobility or the same availability of choices to live somewhere else.

66) The City of New York, through the Department of Correction, maintains a policy that its correction officers circumvent the rights, privileges and immunities conferred upon its citizens by the United States Constitution, and specifically, the Eighth and Fourteenth Amendments, by encouraging correction officers to use excessive force without justification to subject pre-trial detainees and inmates to humiliation, embarrassment, emotional and physical injury with the intent of punishing these persons.

67) Not only does the City know of its correction officers exercising excessive force without justification against pre-trial detainees, but it encourages its correction officers to do so for the purpose of inflicting undeserved punishment and at the expense of the rights of nonviolent pre-trial detainees who have not been found guilty of a crime and whom are presumed innocent until proven guilty.

68) The City of New York is liable to Risdon Moreau and Patrick Grandoit for their injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining by the policies of the City of New York.

<u>PRAYER FOR RELIEF</u>

69) WHEREFORE, Plaintiffs demand judgment and pray for the following relief, jointly and severally, against the Defendants:

(a) Special and compensatory damages in the amount of three hundred-thousand dollars ($300,000);

(b) Punitive damages in the amount of five hundred-thousand dollars ($500,000);

(c) Reasonable attorney's fees and the costs of litigation of this action pursuant to 42 U.S.C. § 1988; *and*

(d) Such other and further relief as this Court deems just, proper and equitable.

Dated: New York, New York
May 20, 2014

**MANGAN GINSBERG, LLP**
/s/

_____
By: Michael P. Mangan (MM-5773)
*Attorneys for Plaintiffs*
80 Maiden Lane, Suite 509
New York, NY 10038
Phone (212) 248-2170
Fax: (212) 248-2155